IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID J. GALLANT, individually and on behalf of all others similarly situated Plaintiff, vs. FOLEY DESIGN ASSOCIATES ARCHITECTS, INC. and WILLIAM H. FOLEY, Defendants. | Civil Action File No. ury Trial Demanded |

## COMPLAINT

Plaintiff David J. Gallant ("Gallant"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, brings this Complaint against Foley Design Associates Architects, Inc., ("Foley Design") and William H. Foley ("Foley"), and shows the Court as follows:

### *(1)   Introduction*

1.

This is an FLSA overtime case. Gallant was formerly employed by Defendants as a draftsman. Defendants misclassified Gallant and other draftsmen as independent contractors. As a result, Defendants failed to pay

these employees an overtime premium for all worked performed in excess of 40 hours per week.

2.

Plaintiff asks this Court to certify a collective of similarly situated individuals, to wit, all draftsmen who worked for Foley Design as independent contractors within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

3.

Gallant's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "A".

4.

Gallant requests collective relief because all other Foley Design draftsmen were treated in a similar manner with respect to their compensation.

### *(2)* *Jurisdiction and Venue*

5.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Foley Design's principal place of business is located in this judicial district, Foley resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

*(3) The Parties*

7.

Gallant resides in Fulton County, Georgia.

8.

At all times material hereto, Defendants have jointly operated an architectural design service whose principal place of business is located at 1513 Cleveland Avenue, Building 100, Suite 102, East Point, GA 30344.

9.

Foley Design is a corporation organized under the laws of the State of Georgia.

10.

Foley Design can be served via its registered agent William H. Foley at 1513 Cleveland Avenue, Building 100, Suite 102, East Point, GA 30344.

11.

Foley Design is subject to the personal jurisdiction of this Court.

12.

Foley is a resident of Cobb County, Georgia.

13.

Foley is subject to the personal jurisdiction of this Court.

14.

Foley is the CEO and Registered Agent of Foley Design.

15.

Foley can be served with process at his residence or wherever he can be found.

### *(4)   Individual Coverage*

16.

At all times material hereto, Gallant was "engaged in commerce" as an employee of Foley Design as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

Specifically, Gallant regularly performed work on conceptual drawings at the directions of a project manager employed by Foley Design.

### *(5)   Enterprise Coverage*

18.

At all times material hereto, Foley Design has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

19.

During the relevant time period, two or more employees of Foley Design, including Gallant, used or handled the following items that moved in

interstate commerce that are necessary for performing its commercial purpose: computers, paper, office furniture and office supplies.

20.

During 2012, Foley Design had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Foley Design had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2014 Foley Design had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Foley Design had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, A Foley Design had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2013, Foley Design had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2014, Foley Design had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2015, Foley Design had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

28.

During 2012, Foley Design had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2013, Foley Design had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2014, Foley Design had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2015, Foley Design had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

At all times material hereto, Foley Design has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### (6)   *Statutory Employer Allegations*

33.

Gallant worked for Foley Design as a draftsman from April 4, 2014 through May 2, 2015.

34.

As a draftsman, Gallant used a computer and other tools to make detailed plans or drawings from general plans provided to him.

35.

At all times material hereto, the work Gallant performed was integral to Foley Design's business purpose (*i.e.*, an architectural design company).

36.

At all times material hereto Gallant did not invest in Foley Design's business such that he shared any significant risk of loss.

37.

At all times material hereto, Gallant did not exercise independent business judgment in the course of his work for Foley Design.

38.

At all times material hereto, Foley Design exercised significant control over the amount of Gallant's pay.

39.

At all times material hereto, Foley Design exercised significant control over Gallant's work hours.

40.

At all times material hereto, Foley Design exercised significant control over the methodology in which Gallant's work was performed.

41.

At all times material hereto, Foley Design was an "employer" of Gallant as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

42.

At all times material hereto Gallant was an "employee" of Foley Design as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

43.

At all times material hereto, Foley exercised operational control over the work activities of Gallant.

44.

At all times material hereto, Foley was involved in the day to day operation of Foley Design.

45.

At all times material hereto, Foley Design vested Foley with supervisory authority over Gallant.

46.

At all times material hereto, Foley exercised supervisory authority over Gallant.

47.

At all times material hereto, Foley scheduled Gallant's working hours or supervised the scheduling of Gallant's working hours.

48.

At all times material hereto, Foley exercised authority and supervision over Gallant's compensation.

49.

At all times material hereto, Foley was an "employer" of Gallant as defined in FLSA § 3(d), 29 U.S.C. §203(d).

50.

At all times material hereto, Gallant was an "employee" of Foley as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## COMMON FACTUAL ALLEGATIONS

51.

At all times material hereto, Gallant was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

52.

At all times material hereto, Foley Design did not employ Gallant in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

53.

At all times material hereto, Foley Design did not employ Gallant in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

54.

At all times material hereto, Foley Design did not employ Gallant in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

55.

At all times material hereto, Foley Design did not employ Gallant in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

56.

At all times material hereto, Foley Design classified Gallant and all other Foley Design draftsmen as independent contractors.

57.

At all times material hereto, Foley Design misclassified Gallant and all other Foley Design draftsmen as independent contractors.

58.

At all times material hereto, Gallant and all other Foley Design draftsmen worked more than 40 hours per week.

59.

During each applicable pay period, Defendants failed to pay their draftsman extra compensation at one-and-one-half times their regular rate for work performed in excess of 40 hours in a workweek.

### COUNT I — FAILURE TO PAY OVERTIME

60.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

61.

At all times material hereto, Gallant was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

62.

During his employment with Defendants, Gallant regularly worked in excess of 40 hours each week.

63.

Defendants failed to pay Gallant at one-and-one-half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

64.

As a result of misclassifying Gallant as an independent contractor, Defendants willfully failed to Gallant at one and one half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

65.

Gallant is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

66.

As a result of the underpayment of overtime compensation as alleged above, Gallant is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

67.

As a result of the underpayment of overtime compensation as alleged above, Gallant is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – COLLECTIVE ACTION ALLEGATIONS

68.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

69.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to all draftsmen misclassified as independent contractors by Foley Design.

70.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to all draftsmen misclassified as independent contractors by Foley Design in the same manner as alleged above with respect to Gallant.

71.

All draftsman who have worked for Defendants within the three years prior to the filing of this action are "similarly situated" to Gallant within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

72.

Defendants are liable pursuant to 29 U.S.C. § 201 *et seq.* to all individuals similarly situated to Gallant for unpaid overtime wages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

73.

The proposed collective of individuals similarly situated to Gallant should be defined as "All individuals contracted as draftsmen for Foley Design during the three years prior to the filing of this lawsuit through the present who have not received overtime premium compensation because they were classified as independent contractors."

74.

All such individuals similarly situated to Gallant would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

75.

All such individuals similarly situated to Gallant are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;
2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime wages due under the FLSA, plus an additional like amount in liquidated damages;
3. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants;
4. That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiff, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiff;
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

**Counsel for Plaintiff**