IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DAVID J. GALLANT,** individually and on behalf of all others similarly situated | Civil Action File No. |
| Plaintiff, | 1:15-cv-04451-MHC |
| vs. | |
| **FOLEY DESIGN ASSOCIATES ARCHITECTS, INC.** and **WILLIAM H. FOLEY,** | |
| Defendants. | |

## JOINT MOTION TO APPROVE A FAIR LABOR STANDARD ACT SETTLEMENT AND RELEASE AGREEMENT

COME NOW, Plaintiff David J. Gallant ("Plaintiff") and Defendants Foley Design Associates Architects, Inc. and William H. Foley (collectively referred to as "Defendants"), move this Court to review and approve their Settlement and Release Agreement, and in support thereof, show this Court as follows:

1.

This is an FLSA case. Plaintiff filed his Complaint [Dkt. 1] on December 23, 2015, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

2.

The Parties, acting at arms-length and over the course of several weeks, in good faith and with the advice of counsel have negotiated and entered into a Settlement and Release Agreement ("The Agreement").

3.

A copy of the Agreement is attached hereto as Exhibit "A".

4.

Pursuant to *Lynn's Food Stores, Inc. v. United States of Am.*, 679 F.2d 1350, 1353 (11th Cir. 1982), judicial approval is required to effectuate Plaintiff's release of his FLSA claims, which is material to the Agreement.

5.

In determining whether the Agreement is fair and reasonable, the Court should consider the following factors:

(1) the existence of collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of counsel.

See *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S.

Dist. LEXIS 10287, at *2-3, (M.D. Fla. 2007). There is a strong presumption in favor of finding a settlement to be fair. *Edwards v. CFR Sales & Marketing*, 2011 U.S. Dist. Lexis 134705) (citing *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977)).

6.

If this settlement is approved, Plaintiff will receive $5,000 ($2,500 in unpaid wages and $2,500 in liquidated damages). Plaintiff estimates that if he received a 100 percent recovery, he would have received $9,536.80 ($4,768.40 in unpaid wages and $4,768.40 in liquidated damages). The amount of backpay and liquidated damages in the settlement is equivalent to approximately 52 percent of the amount Plaintiff would have received if he was successful on all claims at trial.

7.

Prior to reaching this settlement, the parties engaged in extensive written discovery, exchanging thousands of documents and emails. The parties had scheduled but had not yet taken any depositions. Given the vast amount of documents and the fact that depositions had not yet been completed, Plaintiff's counsel submits that the Agreement is reasonable in both terms and amount for three reasons. First, for Plaintiff to be successful on his claims, Plaintiff would demonstrate that he was misclassified as an independent contractor. Second, Plaintiff would have to overcome Defendants' contention that he fell within the confines of the learned professional FLSA exemption. Third, because it is very

unlikely that this matter would be resolved on summary judgment, Plaintiff would have to proceed to trial, further prolonging the process without any guarantee that he would prevail. Plaintiff's compromise was reasonable in light of these factors.

8.

As between Plaintiff and his counsel, all discussion and subsequent demands to Defendants were broken down as to amounts to the Plaintiff and amounts to his counsel. The amount of attorneys' fees and costs set forth in the Agreement represents legal work that was necessary to the prosecution of this case at rates previously approved for Plaintiff's counsel in FLSA cases in this District. The amount of attorneys' fees agreed upon as part of the settlement, $20,000, is approximately 74 percent of the total amount of attorneys' fees and costs incurred ($26,874) as of the time this motion was prepared. As such, Plaintiff's counsel also made a substantial compromise in order to effectuate this Agreement.

9.

Once the Court approves the Agreement, and all Payments are made, the Parties will file a Stipulation of Dismissal of this case with prejudice.

10.

The parties request that the Court retain jurisdiction over this matter and incorporate the Agreement into its Order granting this Motion.

WHEREFORE, the Parties respectfully request that this Court review and approve their Settlement Agreement and Release of Claims. For the Court's convenience, a proposed Order granting this Motion is attached hereto.

Respectfully submitted this 29th day of December, 2016.

| | |
|---|---|
| **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** | **OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP** |
| *s/ Charles R. Bridgers*<br>Charles R. Bridgers<br>Georgia Bar No. 080791 | */s/ David L. Pardue*<br>David L. Pardue<br>Georgia Bar No. 561217 |
| *s/ Kevin D. Fitzpatrick, Jr.*<br>Kevin D. Fitzpatrick, Jr.<br>Georgia Bar No. 262375 | 1180 Peachtree Street, N.E.<br>Suite 3000<br>Atlanta, Georgia 30309<br>(404) 688-2600<br>(404) 525-4347 (facsimile)<br>DPardue@OG-Law.com |
| 3100 Centennial Tower<br>101 Marietta Street<br>Atlanta, GA 30303<br>(404) 979-3150<br>(404) 979-3170 (facsimile)<br>kevin.fitzpatrick@dcbflegal.com<br>charlesbridgers@dcbflegal.com | COUNSEL FOR DEFENDANTS |
| COUNSEL FOR PLAINTIFF | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This 29th day of December, 2016.

/s/ *David L. Pardue*
David L. Pardue
Georgia Bar No. 561217

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a true and correct copy of the within and foregoing **JOINT MOTION TO APPROVE A FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT** with the clerk of court using the CM/ECF system, which will automatically effectuate service through email notification of such filing to the following attorneys of record:

Kevin D. Fitzpatrick, Jr.
Charles R. Bridgers
DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
*Counsel for Plaintiff*

This 29th day of December, 2016.

OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP

*/s/ David L. Pardue*
David L. Pardue
Georgia Bar No. 561217
**Counsel for Defendants**

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30309
Telephone: 404.688.2600
Facsimile: 404.525.4347
dpardue@og-law.com